**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
———————————————————————————

**DONALD MOTT,**

                **Plaintiff**

      **v.**                                      **Civil Action No. 7:14-cv-142**

**COUNTY OF JEFFERSON,** *et al.*,

                **Defendants.**


———————————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.     INTRODUCTION**

Plaintiff commenced this action asserting claims pursuant to 42 U.S.C. §1983

("Section 1983"), the Americans with Disabilities Act ("ADA"), and Section 504 of the

Rehabilitation Act of 1973 ("Section 504"). Defendants move to dismiss all claims in the

Amended Complaint. Dkt. #23. Plaintiff opposes the motion, dkt. #25, and cross-moves

for leave to file a Second Amended Complaint. Dkt. #26. Defendants oppose the cross-

motion by directing their dismissal arguments to the proposed Second Amended

Complaint. Dkt. # 28.

For the reasons that follow, the dismissal motion is granted in part and denied in

part. The motion to amend is granted in part and denied in part.

1

## II.    STANDARDS OF REVIEW

### a.  Rule 12(b)(6) Dismissal

On a Rule 12(b)(6) motion, the Court must  accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted); *see also Fahs Constr. Group, Inc. v. Gray*, 2011 U.S. Dist. LEXIS 7822, at *5-6 (N.D.N.Y. Jan. 27, 2011)(factual allegations are accepted as true).  This tenet does not apply to legal conclusions, non-factual matter, or "conclusory statements" set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 -79 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*   While Rule 8(a)(2) "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-harmed-me-accusation." *Id.* (citation and internal quotation marks omitted).  A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (citation omitted).  A plaintiff must show "more than a sheer possibility that a defendant acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555.  If the plaintiff's pleadings

"have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. at 570.

### b. Motion to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Courts interpret Fed. R. Civ. P. 15 liberally, *see Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995), and deny motions to amend only if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg.*, Inc., 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962)).  The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.,*  2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015).

## II.    BACKGROUND[1]

Pursuant to an arrest warrant charging Plaintiff with harassment, Plaintiff was arrested by officers from the Watertown City Police Department at about 5 p.m. on September 29, 2012.  Prop. 2nd Am. Compl. ¶ ¶ 19-20.   Pending his arraignment scheduled for the morning of September 30, 2012, Plaintiff was held at the "Jefferson County Public Safety Building, which is under the control of the Jefferson County Sheriff's Office." *Id*. ¶ 21.

At the time Plaintiff was arrested, he was "on a prescription medication routine

---

[1]Because an amended complaint completely replaces a prior complaint, *see  International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994), and because Defendants direct their dismissal arguments to the proposed Second Amended Complaint, the Court sets forth the factual allegations contained in the proposed Second Amended Complaint.  These factual allegations are assumed to be true. *See Fahs Constr. Group, Inc. v. Gray*, 2011 U.S. Dist. LEXIS 7822, at *5-6 (N.D.N.Y. Jan. 27, 2011).

which consisted of 7-10 different medications daily." *Id.* ¶ 22.   Plaintiff "informed the

officers involved with the arrest[2] and also at the Public Safety Building about his

medications, yet he was denied the required medications."  *Id.* ¶ 23.

> Plaintiff is a 90% disabled veteran who has sleep apnea and requires a
> CPAP machine and Ambien to sleep. Specifically, Plaintiff has a bulging disc
> in his back, two neurological conditions, migraines and restless leg
> syndrome.  Further, Plaintiff suffers from asthma and other lung issues. Even
> being off his medications for a single night put Plaintiff in extreme pain and
> distress.  Further, having to sit/[*sic*] and/or sleep on a hard bench that is little
> more than 18" wide and no padding caused agony to Plaintiff.

*Id.* ¶¶ 24-28.

Plaintiff alleges, upon information and belief, that "Defendants routinely deny

adequate medical care to individuals in their custody and/or control," and that "it is a policy

and/or custom and/or practice of Defendants to deny adequate medical care to individuals

under their custody and/or control."  *Id.* ¶¶ 29-30.

In his First Cause of Action, Plaintiff asserts that Defendants' actions in denying him

access to his prescription medications and "forcing him to sleep on a hard bench with no

padding" violated his rights under the Fourth Amendment of the United States

Constitution.  *Id.* ¶¶ 32-35.

In his Second Cause of Action, Plaintiff alleges that Defendants violated the ADA

by denying him "the full services of the County Corrections Facility," and by denying him

his "prescription medications and an appropriate sleeping surface."  *Id.* ¶¶ 37-44.

In his Third Cause of Action, Plaintiff alleges that he "was a handicapped person for

purposes of section 504, . . . was qualified to receive medical services and treatments

---

[2]The Watertown City police officers who arrested Plaintiff are no longer defendants in this action.

while under the supervision of defendants," and that "Defendants receive federal financial

assistance within the meaning of section 504." *Id.* ¶¶ 47-48.  Plaintiff contends that

Defendants violated his rights under Section 504 by "failing and refusing to provide

necessary medication and access to Defendants facilities, services and accommodations,

based solely on Plaintiff's handicap status ...." *Id.* ¶ 49.

## IV.   DISCUSSION

### a. Dismissal Motion

#### 1.  Proper Service of Process

Defendants' contend that they were not properly served pursuant to Fed. R. Civ. P.

4, and, therefore, the Court lacks personal jurisdiction over them.  In response, Plaintiff

asserts that he served the Amended Complaint on Defendants, and requests that if this

service is deemed ineffective under Rule 4, that he be allowed additional time to

effectuate proper service of process. Pl. Mem. L.,  Dkt. # 25-2, p. 3.

In order to exercise personal jurisdiction over a defendant, "the plaintiff's service of

process upon the defendant must have been procedurally proper." *Licci ex rel. Licci v.*

*Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (citing *Murphy Bros., Inc.*

*v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).  This includes service of a

summons on each defendant. *See Llolla v. Karen Gardens Apartment Corp.*, 2016 WL

233665, at *3 (E.D.N.Y. Jan. 20, 2016).

The record in this case contains no affidavit of service of the summonses on the

Defendants.  Based on Plaintiff's argument, the Court presumes service of the

summonses was not accomplished.  Service of the Amended Complaint, alone, does not

5

effectuate proper service of process.  Thus, the Court lacks personal jurisdiction over the Defendants.

Because the Court analyzes the substantive merit of the claims in the proposed Second Amended Complaint and finds that at least one claim passes the Rule 12(b)(6) plausibility standard, *see* Discussion, at IV (a)(2), *infra,* Plaintiff is granted an extension of twenty (20) days from the date of this Decision and Order to effectuate proper service of process on the Defendants. *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

### 2.  First Cause of Action

In moving to dismiss the claims in the Amended Complaint, Defendants argued, *inter alia*, that a Section 1983 claim of medical indifference by a pre-arraignment detainee must be brought under the Fourth Amendment, not the Fourteenth Amendment as pled. *See* Def. Mem L., dkt. # 23-4, p. 3-4 (citing *Lewis v. Clarkstown Police Dep't*, No. 11 CIV. 2487 ER, 2014 WL 6883468, at *7 (S.D.N.Y. Dec. 8, 2014)(applying the Fourth Amendment standard to a pre-arraignment detainee's denial of medical care claim)).  In apparent concession that the Fourth Amendment applies in this case, Plaintiff asserts in the First Cause of Action of the proposed Second Amended Complaint that Defendant's actions violated his rights secured under the Fourth Amendment.  *See* Prop. 2nd Am. Compl.  Thus, the dismissal motion on this ground is denied.

Defendants also argued, however, that Plaintiff failed to allege facts plausibly supporting a Fourth Amendment claim because he did not allege in the Amended Complaint that he told any medical staff or employee of Jefferson County that he had any

medical conditions requiring medication. *See* Def. Mem L., dkt. # 23-4, p. 4.  In an apparent effort to rectify this issue, Plaintiff alleges in the proposed Second Amended Complaint that he "informed the officers involved with the arrest and also at the Public Safety Building about his medications, yet he was denied the required medications."  Prop. 2nd Am. Compl.  ¶ 23.

Whether the claim is analyzed under the Fourth Amendment, *see Lewis*, 2014 WL 6883468, at \*7 (Under the Fourth Amendment standard, the court must decide "whether the asserted denial of medical treatment was objectively unreasonable focusing on the circumstances confronting the police at the time of the arrest without regard to their underlying motives or attitude towards the suspect.")(citations omitted), or the Fourteenth Amendment, *see Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir.1996)(analyzing an arrestee's medical indifference claim under the Due Process Clause's deliberate indifference standard), Plaintiff's allegation is enough to assert a plausible Section 1983 denial of medical attention claim against the individual County employees.  While he has not identified which individual defendants he told about his need for his medications, that issue can be particularized through the discovery process.

With regard to his Section 1983 denial of medical attention claim against Jefferson County, the allegations of a policy, custom, or practice of denying medical attention by Jefferson County are conclusory, and stated upon information and belief only. *See* Prop. 2nd Am. Compl. ¶¶ ¶¶ 29-30.  Nonetheless, these allegations are sufficient at this stage to allow the claim to proceed.  Like with the identity of the Jefferson County correction officers Plaintiff supposedly told about his medical condition and his need for medications,

the particulars of the policy, custom, or practice can be more definitively identified through

discovery.

### 3.  Second & Third Causes of Action

Defendants also moved to dismiss the ADA and Section 504 claims on the grounds

that Plaintiff had not alleged facts supporting that: (1) he is a qualified individual with a

disability; (2) assuming he is disabled, he was denied any services or benefit as a result of

this disability; (3) he requested or was denied any reasonable accommodation; (3) he was

treated differently than non-disabled inmates; or, (4) Defendants' actions in making him sit

or sleep on a hard bench, or omissions in  failing to provide him with his medications, were

motivated by considerations of Plaintiff's disability.  Plaintiff responded by simply arguing

that the Supreme Court has recognized that Title II of the ADA applies to inmates in local

jails, and that Plaintiff has alleged that his medical needs were not accommodated.  In

addition, Plaintiff asserts in the proposed Second Amended Complaint that he is disabled

within the meaning of the ADA and Section 504.  *See* Prop. 2nd Am.  Compl., ¶¶ 38, 47.

Under Subtitle A of Title II of the ADA, "no qualified individual with a disability shall,

by reason of such disability, be excluded from participation in or be denied the benefits of

services, programs, or activities of a public entity, or be subjected to discrimination by any

such entity."  42 U.S.C. § 12132.  Similarly, Section 504 of the Rehabilitation Act provides

that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely

by reason of her or his disability, be excluded from the participation in, be denied the

benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance." 29 U.S.C. § 794(a).   "In most cases, the standards are the

same for actions under both statutes.  *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)(internal quotation marks and citation omitted).  "In short, the Rehabilitation Act and Title[] II . . . of the ADA prohibit discrimination against qualified disabled individuals by requiring that they receive reasonable accommodations that permit them to have access to and take a meaningful part in public services and public accommodations."  *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 85 (2d Cir.) *opinion corrected*, 511 F.3d 238 (2d Cir. 2004)

To establish a *prima facie* violation of either statue, Plaintiff must show that: (1) he is a "qualified individual" with a disability; (2) Defendant Jefferson County is subject to the ADA and/or Section 504;[3] and (3) Plaintiff was denied the opportunity either to participate in or to benefit from Jefferson County's services, programs, or activities, or was otherwise discriminated against by Jefferson County by reason of his disability. *Powell*, 364 F.3d at 85;  *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003);  *United Spinal Ass'n v. Bd. of Elections in City of New York*, 882 F. Supp. 2d 615, 623 (S.D.N.Y. 2012) *aff'd sub nom. Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189 (2d Cir. 2014).

Plaintiff' has failed to allege any facts plausibly supporting a reasonable inference that he was denied any services, programs, or activities while detained at the Jefferson County Public Safety Building.  Indeed, other than a wholly unsupported, conclusory allegations that he was denied "the full services of the County Corrections Facility," he fails to identify any services that he denied. This is insufficient to withstand a motion to

---

[3]Neither Title II of the ADA nor § 504  provides for individual capacity suits.  *See  Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001)

dismiss.  "Although this Court must accept the factual allegations set forth in Plaintiffs' complaint as true, threadbare recitals and conclusory statements unsupported by specific facts are not entitled to such credence."  *Abraham v. Am. Home Mortgage Servicing, Inc.*, 947 F.Supp.2d 222, 230 (E.D.N.Y. 2013)(internal quotation marks omitted); *see also Pungitore v. Barbera*, 2012 WL 2866293, at *4 (S.D.N.Y. Mar. 29, 2012) (declining to "assume" the "veracity" of "legal conclusions"), *aff'd,* 506 Fed.Appx. 40 (2d Cir. 2012) (summary order).

Plaintiff also does not provide any factual basis upon which to conclude that the provision of inmate medications was a "service" of the Country Corrections Facility. Moreover, any inference that the provision of medications is a service of the Jefferson County Public Safety Building is negated by Plaintiff's allegation that Jefferson County has a custom, policy, or practice of *not* providing medications to its detainees.  Where a plaintiff's "own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *Nationwide Mut. Ins. Co. v. Morning Sun Bus. Co.*, 2011 WL 381612, at *6 (E.D.N.Y. Feb. 2, 2011).  Further, Plaintiff has presented no facts plausibly suggesting that he was denied his medications because of his status as a disabled individual, that he was discriminated against by reason of his disability, or that he asked for or was denied any reasonable accommodation necessary to allow him to access any services, programs or activities.

Although Plaintiff alleges that he was required to sleep and/or sit on an uncomfortable bench, he does not allege that he was required to do so because of

considerations of his alleged disability; that he informed Jefferson County personnel that this caused him pain or discomfort; that he requested a reasonable accommodation; or that he was treated differently than any other detainee at the Jefferson County Public Safety Building.

Unlike the identities of the corrections officers he purportedly told about his need for medications, or the specifics of the Jefferson County custom, policy, or practice of denying medication to detainees, the facts necessary to plausibly allege ADA and Section 504 claims are presumably within Plaintiff's knowledge.  That is, Plaintiff would necessarily be aware of the services he was denied, what he told Jefferson County about his pain from sitting/sleeping on a bench, the facts from which a plausible inference of discrimination could be drawn, or the reasonable accommodation that he requested and was denied.  Plaintiff's failure to allege facts plausibly suggesting that he was  subjected to violations of the ADA or Section 504 is fatal to his claims.  Accordingly, the ADA and Section 504 claims pled in the Amended Complaint are insufficient and must be dismissed, and it would be futile to amend the complaint to add the ADA and Section 504 claims in the proposed Second Amended Complaint.   The dismissal of these claims is without prejudice to re-pleading.

### b.  Motion to Amend

Plaintiff's motion to amend is granted in part and denied in part.   For reasons discussed above, the proposed Second Amended Complaint contains insufficient allegations of violations of the ADA and Section 504.  It would be futile to grant Plaintiff leave to file the proposed Second Amended Complaint with these allegations.  The Section 1983 allegations in the proposed Second Amended Complaint, however, are

11

legally sufficient.  Accordingly, Plaintiff is granted leave to file a Second Amended Complaint that contains only the Section 1983 claim asserted in the proposed Second Amended Complaint.

## V.    CONCLUSION

Defendants' motion to dismiss, Dkt. #23, is GRANTED in part and DENIED in part. Defendants' motion is granted in that the ADA and Section 504 claims asserted in the Amended Complaint are dismissed without prejudice to re-pleading.  Defendants' motion to dismiss is denied with regard to the Section 1983 denial of medical care claim asserted in the proposed Second Amended Complaint.  Plaintiff is granted an extension of twenty (20) days from the date of this Decision and Order to effectuate proper service of process on the Defendants.

Plaintiff's cross-motion for permission to file a Second Amended Complaint, Dkt. #26, is GRANTED in part and DENIED in part.  Plaintiff is granted leave to file a Second Amended Complaint that contains only the Section 1983 claim asserted in the proposed Second Amended Complaint.  The cross-motion is denied in all other respects.  Plaintiff must file a Second Amended Complaint consistent with this Decision and Order within ten (10) days of this Decision and Order.  If Plaintiff intends to move for leave to file a Third Amended Complaint, the motion must be made within twenty (20) days of this Decision and Order.

**IT IS SO ORDERED**

**Dated:** February 8, 2016

Thomas J. McAvoy
Senior, U.S. District Judge

12